Argued and submitted November 26, 1997, judgment vacated and remanded for resentencing in part; otherwise affirmed April 1, respondent's petition for reconsideration filed April 15 allowed by opinion July 15, 1998
See 155 Or App 162, _____ P2d _____ (1998)

### STATE OF OREGON,
*Respondent,*

*v.*

### DIANE MARIE GRAY,
*Appellant.*

(94D-107107; CA A90153)

956 P2d 1066

Walter Ledesma, Deputy Public Defender, argued the cause for the appellant. On the brief were Sally L. Avera, Public Defender, and Eric M. Cumfer, Deputy Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for the respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Wollheim,* Judges.

_____

* Wollheim, J., *vice* Leeson, J., resigned.

LANDAU, J.

## LANDAU, J.

Defendant appeals her conviction for theft in the second degree, assigning error to the court's imposition of restitution. Because we conclude that defendant did not have an opportunity to be heard on the restitution award, we remand the case to the trial court for resentencing.

Defendant was convicted after trial to the court on stipulated facts. The parties agreed that defendant tried to return a stolen new coat to Sears. The coat was worth $90. Defendant testified that she obtained the coat, which still had all of its store tags attached, from a child for $25.

On August 7, 1995, defendant was tried, convicted and sentenced. After finding defendant guilty, the court proceeded immediately with sentencing. The prosecutor recommended probation with various conditions, including a fine of $375 and restitution of $120 to the victim. Defendant objected to restitution on the ground that the coat was recovered and could have been returned to the victim. The prosecutor did not have information as to whether the coat had been returned to the victim. The court signed the judgment of conviction and marked an "X" in a box indicating that defendant would be required to make payment of restitution to the victim and made a handwritten note "DA to submit w/in 30 day[s]" on the line under "Amount," "Victim" and "Address."

On August 17, 1995, without further hearing, the judge signed an amended judgment requiring restitution of $60 to the victim. The judgment was entered more than one month later. The record does not show that defendant received notice of the restitution amount before the amended judgment was entered.[1] On appeal, defendant contends that the trial court erred in adding the amount of restitution to the judgment without reconvening the hearing.

---

[1] The state suggests that defendant did receive such notice, and in support of that suggestion attaches to its brief a letter dated August 15, 1995, from the district attorney's office to defendant's counsel, indicating that it was requesting restitution in the amount of $60 to be paid to the victim for replacement of the coat. The letter, however, is not a part of the trial court record.

ORS 137.106 provides, in part:

"(1)  * * * In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"* * * * *

"(3)  *If the defendant objects to the imposition, amount or distribution of the restitution,* the court shall at the time of sentencing allow the defendant to be heard on such issue."

(Emphasis supplied.) Defendant was present at the initial sentencing hearing and, at that time, raised her objection to the imposition of restitution, contending that no restitution was appropriate. As the checked box on the judgment form indicates, the court decided to impose restitution, but postponed the determination of the amount of restitution until the state completed its investigation. No hearing was held on the restitution amount ultimately ordered, and the record does not show how that amount was reached. Although defendant previously had voiced her objection to the imposition of any restitution, because the court postponed deciding the amount of restitution and defendant had no notice before entry of the amended judgment, defendant had no opportunity to be heard on that determination. Accordingly, we remand the case to the trial court for resentencing.

Judgment for restitution vacated and remanded for resentencing; otherwise affirmed.