Submitted on respondent's petition for reconsideration filed April 15, petition for reconsideration allowed; opinion (153 Or App 296, 956 P2d 1066 (1998)) modified and adhered to as modified July 15, 1998

# STATE OF OREGON,
*Respondent,*

*v.*

# DIANE MARIE GRAY,
*Appellant.*

(94D-107107; CA A90153)

963 P2d 730

Ann Kelley, Assistant Attorney General, for petition.

Before Riggs, Presiding Judge, and Landau and Wollheim, Judges.

LANDAU, J.

**LANDAU, J.**

The state petitions for reconsideration of our decision, *State v. Gray*, 153 Or App 296, 956 P2d 1066 (1998), in which we affirmed defendant's conviction for theft in the second degree but vacated a judgment for restitution and remanded the case to the trial court for resentencing. We allow the petition, modify our opinion and adhere to it as modified.

■ Defendant was convicted of theft of a coat. In an amended judgment, the trial court imposed restitution to the victim in the amount of $60. In our opinion we said that "[t]he record does not show that defendant received notice of the restitution amount before the amended judgment [stating the amount of restitution] was entered." *Id*. at 298. In a footnote we said that the state had attached to its brief a letter from the district attorney's office to defendant's counsel, dated two days before the entry of judgment, indicating that restitution of $60 was being requested for replacement of the stolen property, but that that letter was not a part of the trial court record. *Id*. at 298 n 1. In its petition, the state notes that, before the submission of briefs in this case, this court granted the state's unopposed motion to supplement the record with the letter.[1] It reasons, accordingly, that the letter was a part of the trial court record and that our footnote is therefore mistaken. We agree with the state that, in this instance, allowing the motion to supplement the record had the effect of incorporating the letter into the trial court record. Our footnote thus is incorrect. We treat the letter as if it were a part of the trial court record.

■ Nonetheless, we adhere to our holding that defendant did not have an adequate opportunity to object to the amount of restitution. The letter to defendant's counsel,

---

[1] ORS 19.365(4) provides:

"When it appears to the appellate court that the record on appeal is erroneous or that the record does not contain material that should have been part of the trial court file, and the erroneous or incomplete record substantially affects the merits of the appeal, on motion of a party or on its own motion the court may make such order to correct or supplement the record as may be just."

dated August 15, 1995, attached a sheet indicating that restitution in the amount of $60 should be paid to the victim for replacement of a wool coat. On August 17, without further notice or hearing, the trial court issued its amended judgment including the victim's name and address and the amount of restitution. Although defendant may have had notice of the amount that the district attorney's office would request as restitution, the trial court entered the amended judgment without reconvening the hearing and without notice to defendant. Defendant previously had objected to the imposition of any restitution. Pursuant to ORS 137.106(3), defendant was entitled to be heard before the amendment of the judgment for entry of the amount of restitution. We accordingly adhere to our decision vacating the judgment of restitution and remanding the case to the trial court for resentencing.

Petition for reconsideration allowed; opinion modified and adhered to as modified.